O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| QAD, INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>CONAGRA FOODS, INC., a Delaware Corporation,<br><br>        Defendant. | CASE NO. CV 11-5162 ODW (SSx)<br><br>ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION [8] |

Currently before the Court is Defendant Conagra Foods, Inc.'s ("Defendant") Motion to Compel Arbitration. (Dkt. No. 8.) After careful consideration, the Court deems the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. For the following reasons, the Court **GRANTS** Defendant's Motion.

**I.    FACTUAL BACKGROUND**

In this copyright infringement action, Plaintiff QAD, Inc. ("Plaintiff") alleges that Defendant failed to enter into a license agreement with Plaintiff after its acquisition of

Elan Nutrition, Inc. ("Elan") in April 2010. (*See* Compl. ¶ 23.) This obligation allegedly arose pursuant to a Software License Agreement (the "Agreement") Plaintiff entered into with Elan in October 2003. (*Id.*) Plaintiff asserts that the Agreement required Defendant to enter into a separate license agreement with Plaintiff after its acquisition of Elan. (*Id.*) Plaintiff further asserts due to Defendant's failure to act in compliance with the terms of the Agreement to enter into a separate license agreement, Defendant is infringing Plaintiff's copyright. (Compl. at ¶¶ 23-24.) The Agreement contains an arbitration provision ("Arbitration Provision"), which requires that "[a]ny dispute arising between the parties shall be settled by binding arbitration." (Compl., Exh. A. at ¶ 13.1.)

## II. LEGAL STANDARD

Under the Federal Arbitration Act ("FAA"), any party bound by an arbitration agreement that falls within the scope of the FAA may bring a petition in federal district court to compel arbitration. 9 U.S.C. § 4. When faced with a petition to compel arbitration, the district court's role is a discrete and narrow one. "By its terms, the [FAA] 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

"The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue . . . . If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Id*. "To require arbitration, [plaintiff]'s factual allegations need only 'touch matters' covered by the contract containing the arbitration clause and all doubts are to be resolved in favor of arbitrability." *Simula, Inc. v. Autoliv, Inc*., 175 F.3d 716, 721 (9th Cir. 1999). Where a district court determines that a dispute is subject to arbitration under a written agreement, the court "shall on application of one of the parties stay the trial of the action

until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. Thus, the FAA "requires that the court stay judicial proceedings until the matter has been arbitrated according to the terms of the arbitration agreement." *Leicht v. Bateman Eichler, Hill Richards, Inc.*, 848 F.2d 130, 133 (9th Cir. 1988).

## III. DISCUSSION

Defendant moves this Court to compel arbitration pursuant to the Agreement. Specifically, Defendant avers that it is the successor of interest to Elan, and consequently, the Agreement is binding to Defendant as a party to the Agreement. (Mot. at 2.) In addition, Defendant argues Plaintiff is estopped from asserting that Defendant is not a party to the Agreement because Plaintiff accepted fees from Defendant pursuant to the Agreement. (Mot. at 3-4.) Plaintiff disagrees contending Defendant does not have standing to seek arbitration under the Agreement because Defendant was never a party to the Agreement. (Opp'n at 4.)

The Agreement states, in relevant part:

> a) You may assign or transfer your interest in this Agreement and any license granted under this Agreement to any entity that is a successor to all, or substantially all, of Your business; provided, (i) such successor is not a competitor . . . , (ii) You give written notice . . ., (iii) any licenses transferred are current on Maintenance, and (iv) Licensee complies with all applicable laws regarding such transfer. The new entity shall enter into a separate QAD standard license agreement with QAD within thirty (30) days after the effective date of such assignment or transfer.

(Compl., Exh. A at ¶ 13.6, Assignments and Transfers ["Assignment Provision"].) The parties disagree whether Defendant effectuated a proper assignment and transfer of interest pursuant to the Assignment Provision. Particularly, the threshold issue in this case is whether failing to enter into a "separate QAD standard license agreement" necessarily deprives Defendant's status as the successor of interest pursuant the Agreement.

The language in the Assignment Provision is at best ambiguous. Defendant contends because Defendant is the successor of interest by merger with Elan, Defendant necessarily is the assignee of what was once Elan's interests set out in the Agreement. *See Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745-46 (9th Cir. 1993) (citing *Letizia v. Prudential Bache Sec., Inc.*, 802 F.2d 1185, 1187 (9th Cir. 1986)). Consequently, Defendant's position is that it already is a "party" to the Agreement, and any dispute arising out of the parties' inability to enter into this separate license agreement must be arbitrated. (*See* Compl., Exh. A. at ¶ 13.1 ["[A]ny dispute arising between the parties shall be settled by binding arbitration."].) On the other hand, Plaintiff avers Defendant "never attained the status of being a party to [the Agreement]." (Opp'n at 4.) Plaintiff's main contention is that Defendant failed to effectuate the assignment by not "enter[ing] into a separate QAD standard license agreement within thirty (30) days after the effective date of the such assignment or transfer." (Opp'n at 4.) Plaintiff argues Defendant's failure renders the assignment or transfer ineffective under the Agreement. (Opp'n at 4.)

While Plaintiff contends that the Agreement requires a separate license agreement to become the successor of interest, reasonable minds may not read the Assignment Provision in the same light. For example, the Assignment Provision provides four conditions to be met in the event an assignment or transfer of interests is desirable. If those conditions are met, an assignment or transfer is "effective" pursuant the Assignment Provision . (Compl., Exh. A. at ¶ 13.6, ["The new entity shall enter into a separate QAD standard license agreement with QAD within thirty (30) days *after the effective date of this assignment or transfer*."].) As a result, Defendant is arguably the successor in interest in this instance, and therefore, a "party" to the Agreement because its assignment has an "effective date." The Agreement does not require, for example, the parties to enter into a "separate QAD standard license" *prior* to an assignment. Hence, as drafted, the Assignment Provision is arguably open to varying interpretations. In addition, there is no dispute that Defendant merged with Elan, the original licensee to the Agreement, and that the parties were in the process of negotiating a separate license agreement. Further, Defendant enjoyed the benefits of the Agreement and paid fees

pursuant to the Agreement well beyond the thirty days in which it was required to enter into a separate license agreement. Based on these facts, the Court upholds the federal presumption in favor of arbitration. *See Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1285 (9th Cir. 2009) ("[I]f a contract is capable of two different reasonable interpretations, the contract is ambiguous, and under the federal presumption in favor of arbitration, an arbitrator would have jurisdiction to arbitrate claims.") (citations and quotations omitted). Accordingly, the Agreement and its Arbitration Provision shall apply in this case.

## IV. CONCLUSION

Based on the foregoing, the parties are hereby ordered to arbitrate this matter. A stay shall be issued in this action pending completion of arbitration and further order of this Court. The parties shall notify the Court once the arbitration has been completed.

IT IS SO ORDERED.

October 18, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE